IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) PAULA PARKS MCCLINTOCK, § § *Plaintiff*, § § v. § § Case No. CIV-16-136-KEW § (1) EXXONMOBIL OIL § CORPORATION, and § (2) ENTERPRISE CRUDE § OIL, LLC, § § *Defendants*. § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, PAULA PARKS McCLINTOCK, for herself and all others similarly situated, files this First Amended Complaint (the "Complaint") and hereby alleges and states as follows in support of the claims asserted against ExxonMobil Oil Corporation ("ExxonMobil") and Enterprise Crude Oil, LLC ("Enterprise") (collectively, "Defendants"):

### SUMMARY OF THE ACTION

1.  This class action suit concerns Defendants' willful and ongoing violations of Oklahoma law related to payment of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the acreage under a well which entitles such person(s) (i.e., the "Owner") to payments of O&G Proceeds.

2.  Plaintiff is an Owner in one or more oil and/or gas wells in Oklahoma in which Defendants have incurred an obligation to pay O&G Proceeds pursuant to leases and/or pooling orders (the "Oklahoma Wells"). Specifically, Plaintiff is an Owner in an

1

Oklahoma Well, Hewitt Unit TR 15-11, which is located in Section 15-4S-2W, Carter County, Oklahoma. Defendant ExxonMobil is the operator of the Hewitt Unit TR 15-11 Well and Defendant Enterprise is the first purchaser of production from the Hewitt Unit TR 15-11 Well. Defendants are responsible for paying O&G Proceeds to Plaintiff and paying statutory interest to Plaintiff as required by Oklahoma law.

3.  Plaintiff is an Owner in said Section 15-4S-2W, and her mineral interest is subject to a Unitization Agreement.

4.  The oil and gas industry has historically been rife with abuse by lessees and operators, and entities responsible for paying O&G Proceeds. Such companies routinely delay and/or suspend payments to Owners to, among other things, obtain interest free loans at the expense of Owners. Because of their control over the relationship, they are able to easily and successfully employ such schemes.

5.  Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendants, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute ("Untimely Payments"). OKLA. STAT. tit. 52, §570.10(D); *see generally*, OKLA. STAT. tit. 52, § 570, *et. seq*. (the "Production Revenue Standards Act" or the "Act").

6.  The Act gives Owners a uniform, absolute right to interest on Untimely Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act. The plain language of the Act imposes an obligation to

include interest on Untimely Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

7.  Defendants are well aware of their obligations to pay the required interest on Untimely Payments. Nevertheless, in violation of Oklahoma law, Defendants consistently ignored their obligation to pay interest on Untimely Payments made to Plaintiff. Indeed, on information and belief, Defendants routinely delay payment of production proceeds and deny Owners the interest payments to which they are entitled as part of an overarching scheme to avoid their obligations under Oklahoma law.

8.  Accordingly, Plaintiff files this class action lawsuit against Defendants to obtain relief on behalf of all similarly situated Owners who received any Untimely Payments for which Defendants did not include payment of interest as required by the Act.

9.  Plaintiff files this class action lawsuit against Defendants for breach of their statutory obligation to pay interest and fraud. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendants.

## PARTIES

10.  Plaintiff Paula Parks McClintock is a resident and citizen of the State of Montana.

11.  Plaintiff is an Owner in Oklahoma Wells and is entitled to payment of O&G Proceeds therefrom.

12.  Defendant ExxonMobil is a foreign corporation incorporated under the laws of the State of New York. Defendant ExxonMobil has appeared and answered herein, and is before the Court for all purposes.

13. At all times relevant to the claims asserted herein, Defendant ExxonMobil was/is a producing owner or operator of oil and/or gas wells in the State of Oklahoma. Defendant ExxonMobil is obligated to pay O&G Proceeds to Plaintiff and the putative class.

14. Defendant Enterprise is a foreign limited liability company formed under the laws of the State of Texas. Defendant Enterprise may be served with process through its registered agent for service: The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

15. At all times relevant to the claims asserted herein, Defendant Enterprise was/is a first purchaser of production from oil and/or gas wells in the State of Oklahoma. Defendant Enterprise is obligated to pay O&G Proceeds to Plaintiff and the putative class.

## JURISDICTION AND VENUE

16. Plaintiff's claims arise out of Plaintiff's legal interests in the acreage under a well (or wells) located in Carter County, Oklahoma, which entitles her to payments of O&G Proceeds from Defendants.

17. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this is a class action in which at least one member of the class is a citizen of a state different from Defendants.

18. This Court has jurisdiction over Defendant ExxonMobil because Defendant ExxonMobil is a foreign corporation registered with the Oklahoma Secretary of State and regularly transacts business in Oklahoma, and otherwise operates the subject

oil and/or gas well(s), in Carter County, Oklahoma. This Court has both specific and general jurisdiction over Defendant ExxonMobil. Defendant ExxonMobil engaged in continuous and systematic activities within the State of Oklahoma. These activities include operating wells in Oklahoma from which the Class claims arise.

19. This Court has jurisdiction over Defendant Enterprise because Defendant Enterprise is a foreign limited liability company registered with the Oklahoma Secretary of State and regularly transacts business in Oklahoma, and otherwise distributes O&G Proceeds from the subject oil and/or gas well(s), in Carter County, Oklahoma. This Court has both specific and general jurisdiction over Defendant Enterprise. Defendant Enterprise engaged in continuous and systematic activities within the State of Oklahoma. These activities include paying royalties as first purchaser of production from wells in Oklahoma from which the Class' claims arise.

20. Venue is proper in this District pursuant to 28 U.S.C. §1441(a), as this action was removed to this District from the District Court of Carter County, Oklahoma, which is embraced by this Court.

21. Venue is also proper in this District pursuant to 28 U.S.C. §1391. Specifically, as provided by 28 U.S.C. §1391(c), Defendants are deemed to reside in this District. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## CLASS ACTION ALLEGATIONS

22. The allegations set forth above are incorporated herein by reference.

23. Plaintiff brings this action as the representative of a Class pursuant to Federal Rule of Civil Procedure 23. The Class is comprised of:

> All non-excluded persons or entities who: (1) received Untimely Payments from Defendants (or Defendants' designees) for O&G Proceeds from Oklahoma Wells; and (2) whose payments did not include the statutory interest.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; (3) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1. 7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the court.

24. Upon information and belief, absent Class members entitled to interest owing on Defendants' Untimely Payments number in the thousands. Therefore, the Class is so numerous that joinder of all members is impracticable.

25. The questions of fact and law common to the Class, include:

    a. Whether Plaintiff and the Class own legal interests in the Oklahoma acreages upon which Defendants have an obligation to pay O&G Proceeds;

    b. Whether, under Oklahoma law, Defendants owed interest to Plaintiff and the Class on any Untimely Payments;

    c. Whether Defendants' failure to pay interest to Plaintiff and the Class on any Untimely Payments constitutes a violation of the Act;

    d. Whether Defendants defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

    e. Whether Defendants are obligated to pay interest on future Untimely Payments.

26. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

27. Defendants treated Plaintiff and the Class in the same way by failing to pay the required interest on Untimely Payments.

28. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

29. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

  a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

  b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendants relating to Defendants' failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

  c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

  d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

  e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendants, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendants.

**GENERAL ALLEGATIONS AND FACTUAL BACKGROUND**

31. The allegations set forth above are incorporated herein by reference.

32. Defendant ExxonMobil owned and/or operated (and/or Defendant ExxonMobil owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Defendant ExxonMobil owed payments of O&G Proceeds to Plaintiff and Class members as a result of the production from such wells.

33. Defendant Enterprise, as first purchaser of production, distributes O&G Proceeds from numerous oil and/or gas wells throughout Oklahoma. Defendant Enterprise owed payments of O&G Proceeds to Plaintiff and Class members as a result of the production from such wells.

34. "For decades, oil and gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6 at ¶2 (Sept. 1, 2015) (*citing* Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 31 Okla. City U. L. Rev. 1, 4 (2006)). Holders of the production proceeds frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest. *See id*. Instead, they would "suspend" their revenue payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds. *See id*. Moreover, even when they eventually made the revenue payments, the holders often would not pay interest. *See id*. "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." *See id* (*citing* Bondurant at 18). This not only

deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers . . . precipitated by the use of suspense accounts." *Id* (*citing Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶9, 789 P.2d 1272, 1277).

35. As a result of this conduct, many states, including Oklahoma, enacted statutes to curtail this abuse. In Oklahoma, the Act requires Defendants to make payments within certain time periods. Further, the Act requires Defendants to pay interest on any Untimely Payments, regardless of the reasons why such payments were delayed. The Act gives Owners an absolute right to interest on Untimely Payments. The plain language of this statute imposes an obligation to include interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by Owners.

36. Plaintiff and Class members were entitled to payment of O&G Proceeds from Defendants and, pursuant to the Act, were further entitled to interest on any Untimely Payments from Defendants.

37. Plaintiff and Class members placed their trust and confidence in Defendants to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendants had superior access to information regarding O&G Proceeds and the amounts it owed to Plaintiff and the Class, including interest, on Untimely Payments.

38. When Defendants made Untimely Payments to Plaintiff and Class Members, Defendants failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendants' failure to pay the statutorily required interest on

Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

39. Defendants are not permitted to take advantage of their relationship with Plaintiff and Class members to realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendants have used their position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid their statutory obligation to pay the statutory interest due to Plaintiff and the Class in the event of Untimely Payments. As such, Defendants have improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

40. Upon information and belief, Defendants ignored their obligation under the Act to regard the O&G Proceeds they owed to Plaintiff and the Class as separate and distinct from Defendants' other cash assets. Rather, these proceeds were comingled with Defendants' other cash assets. As such, Defendants improperly, unfairly, and in violation of the law profited from their deliberate refusal to pay statutory interest to Plaintiff and the Class.

41. In short, Defendants blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Defendants did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (i.e. Plaintiff and the Class) and, instead, held the O&G Proceeds for their own benefit. Defendants have abused their position with Plaintiff and the Class.

42. Plaintiff and the Class have been damaged by Defendants' unlawful acts and omissions.

43. Defendants' wrongdoing--which is in clear violation of Oklahoma law—is ongoing and continues to this day.

## CAUSES OF ACTION

**I.    BREACH OF STATUTORY OBLIGATION TO PAY INTEREST**

44. The allegations set forth above are incorporated herein by reference.

45. Plaintiff brings this cause of action on behalf of herself and the Class.

46. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendants for: (a) wells owned and/or operated by Defendant ExxonMobil in Oklahoma; and (b) wells in Oklahoma from which Defendant Enterprise, as first purchaser, was responsible for distributing O&G Proceeds.

47. Section 570.10 of the Act requires Defendants to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

48. Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

49. If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds when the payment is eventually made.

50. Defendants held O&G Proceeds belonging to Plaintiff and the Class, and Defendants failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

51. In violation of the Act, when Defendants ultimately made its Untimely Payments to Plaintiff and the Class, Defendants did not pay the interest owing on the Untimely Payments.

52. Defendants' failure to pay interest owing on their Untimely Payments of O&G Proceeds was knowing and intentional and/or the result of Defendants' gross negligence.

53. Defendants' failure to pay interest owing on their Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

## II.   FRAUD

54. The allegations set forth above are incorporated herein by reference.

55. Plaintiff brings this cause of action on behalf of herself and the Class.

56. Defendant ExxonMobil owned and/or operated (and/or Defendant ExxonMobil owned a working interest in) numerous oil and/or gas wells throughout Oklahoma. Thus, Defendant ExxonMobil knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

57. Defendant Enterprise, as first purchaser, was responsible for distributing O&G Proceeds from numerous oil and/or gas wells throughout Oklahoma. Thus, Defendant knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

58. Defendants, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendants knew they owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendants intended to avoid their obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

59. Plaintiff and the Class relied on and trusted Defendants to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

60. Plaintiff and the Class have been damaged by Defendants' actions and violations of law.

61. Defendants' failure to pay the interest they owe to Plaintiff and the Class is a result of Defendants' actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons Defendants know, or are aware, are legally entitled thereto. Thus, Defendants should be required to pay punitive damages as a method of punishing Defendants and setting an example for others.

### III.   ACCOUNTING AND DISGORGEMENT

62. The allegations set forth above are incorporated herein by reference.

63. Plaintiff requests an accounting on behalf of herself and the Class.

64. Plaintiff requests the Court enter an order directing Defendants to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendants, and (b) the method for calculating such amounts.

65. Defendants' payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs committed by Defendants because it will not deprive Defendants of the ill-gotten gains they have obtained through their unlawful behavior.

66. The principles of equity and good conscience do not permit Defendants to retain the benefits derived from their improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

67. Therefore, Plaintiff requests the Court enter an order directing Defendants to disgorge themselves of any benefits derived from their improper and unlawful use of Plaintiff's and the Class' interest payments, including interest that has accrued on such interest since the time in which Defendants made the Disputed Payments to Plaintiff and the Class.

## IV.   INJUNCTIVE RELIEF

68. The allegations set forth above are incorporated herein by reference.

69. Plaintiff seeks injunctive relief on behalf of herself and the Class.

70. Unless enjoined by this Court, Defendants will continue their pattern and practice of failing to pay interest owed on Untimely Payments to Plaintiff and the Class members.

71. Defendants have utilized their superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Untimely Payments to engage in a fraudulent scheme with regard to their willful and intentional failure to pay such interest. As such, Defendants' wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

72. There is no adequate and complete remedy at law for continuing violations of the Act by Defendants.

73. Plaintiff requests the Court enter a permanent injunction, ordering Defendants to pay interest as required by law when Defendants make future Untimely Payments to Plaintiff, the Class, and Owners.

74.     Defendants will not suffer any harm as a result of granting the Class members' request for injunctive relief because Defendants' compliance with the Court's order will be consistent with Defendants' legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1.      An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2.      An order requiring Defendants to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendants' breaches and/or unlawful conduct including, without limitation, the compounded interest on Untimely Payments as required by law;

3.      An order requiring Defendants to provide Plaintiff and the Class with an accounting;

4.      An order requiring Defendants to disgorge themselves of the ill-gotten gains they have obtained through the unlawful use of interest owed to Plaintiff and the Class;

5.      An order requiring Defendants to pay interest in the future, as required by law, to Plaintiff and the Class;

6.      An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Defendants' wrongful acts, as alleged in this Petition;

7.   An order requiring Defendants to pay the Class attorneys' fees and litigation costs as provided by statute; and

8.   Such costs and other relief as this Court deems appropriate.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

Dated: April 26, 2017.

Respectfully submitted,

/s/ *Michael Burrage*
Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7800
mburrage@whittenburragelaw.com

Bradley E. Beckworth, OBA No. 19982
Trey Duck, Texas No. 24077234
NIX, PATTERSON & ROACH, LLP
3600 N Capital of Texas Hwy
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5332
bbeckworth@nixlaw.com
tduck@nixlaw.com

Andrew G. Pate, Texas No. 24079111
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415
dpate@nixlaw.com

        Patrick M. Ryan, OBA#7864
        Phillip G. Whaley, OBA#13371
        Jason A. Ryan, OBA # 18824
        Paula M. Jantzen, OBA#20464
        RYAN WHALEY COLDIRON
        JANTZEN PETERS & WEBBER PLLC
        900 Robinson Renaissance
        119 North Robinson
        Oklahoma City, OK  73102
        Telephone:  405-239-6040
        pryan@ryanwhaley.com
        pwhaley@ryanwhaley.com
        jryan@ryanwhaley.com
        pjantzen@ryanwhaley.com

        Lawrence R. Murphy, Jr., OBA No. 17681
        Mariann M. Robison, OBA No. 30475
        RICHARDS & CONNOR
        ParkCentre Building
        525 South Main Street
        Twelfth Floor
        Tulsa, OK 74103-4509
        Telephone: (918) 585-2394
        Facsimile: (918) 585-1449
        lmurphy@richardsconnor.com
        mrobison@richardsconnor.com

        **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to all registered parties.

    I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Dated:  April 26, 2017.


        /s/ *Michael Burrage*
        Michael Burrage