**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAULA PARKS MCCLINTOCK )<br>  )<br>     Plaintiff, )<br>  )<br>v.  )<br>  )<br>EXXONMOBIL OIL CORPORATION and )<br>ENTERPRISE CRUDE OIL, LLC, )<br>  )<br>     Defendants. ) | Case No. CIV-16-136-KEW |

**EXXONMOBIL OIL CORPORATION'S ORIGINAL ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

ExxonMobil Oil Corporation ("ExxonMobil"), for its Original Answer to Plaintiffs' First Amended Complaint ("Complaint"), denies generally and specifically each and every material allegation therein unless expressly admitted hereinafter:

1. ExxonMobil denies the allegations contained in Paragraph 1 of the Complaint.

2. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations that Plaintiff is an owner in one or more oil and/or gas wells in Oklahoma and that Plaintiff is an owner in a well in Tract 15-11 of the Hewitt Unit and therefore those allegations are denied. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore those allegations are denied.

4. ExxonMobil denies the allegations contained in Paragraph 4 of the Complaint.

5. With respect to the allegations contained in Paragraph 5 of the Complaint, the Production Revenue Standards Act ("PRSA") speaks for itself. ExxonMobil denies the remaining allegations contained in Paragraph 5 of the Complaint.

1

6. With respect to the allegations contained in Paragraph 6 of the Complaint, the PRSA speaks for itself. ExxonMobil denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. ExxonMobil denies the allegations contained in Paragraph 7 of the Complaint

8. ExxonMobil denies the allegations contained in Paragraph 8 of the Complaint

9. ExxonMobil denies the allegations contained in Paragraph 9 of the Complaint

10. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore those allegations are denied.

11. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore those allegations are denied.

12. ExxonMobil admits it is a foreign corporation incorporated under the laws of the State of New York and that it has appeared and filed an answer in this lawsuit. ExxonMobil denies the remaining allegations contained in Paragraph of the Complaint.

13. With respect to the allegations contained in Paragraph 13 of the Complaint, ExxonMobil admits that it has been a producing owner or operator of oil and/or gas wells in the State of Oklahoma. ExxonMobil denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore those allegations are denied.

15. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore those allegations are denied.

16. ExxonMobil denies the allegations contained in Paragraph 16 of the Complaint.

17. ExxonMobil denies that this is a class action (and denies that there are any class members) and asserts that this action cannot be certified as a class action. ExxonMobil admits that the Court has jurisdiction over this putative class action pursuant to 28 U.S.C. § 1332(d)(2), and that the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and that at least one member of the putative class is a citizen of a state different from Defendants.

18. ExxonMobil admits it is a foreign corporation (organized under the laws of New York and with its principal place of business in Texas) registered with the Oklahoma Secretary of State, and that the Court has jurisdiction over ExxonMobil in this action. ExxonMobil denies the remaining allegations in Paragraph 18 of the Complaint.

19. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore those allegations are denied.

20. ExxonMobil admits the allegations in Paragraph 20 of the Complaint.

21. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint and therefore those allegations are denied.

22. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. ExxonMobil denies the allegations contained in Paragraph 23 of the Complaint and asserts that this action cannot be certified as a class action.

24. ExxonMobil denies the allegations contained in Paragraph 24 of the Complaint and asserts that this action cannot be certified as a class action.

25. ExxonMobil denies the allegations contained in Paragraph 25 of the Complaint and asserts that this action cannot be certified as a class action.

26. ExxonMobil denies the allegations contained in Paragraph 26 of the Complaint and asserts that this action cannot be certified as a class action.

27. ExxonMobil denies the allegations contained in Paragraph 27 of the Complaint and asserts that this action cannot be certified as a class action.

28. ExxonMobil denies the allegations in Paragraph 28 of the Complaint and asserts that this action cannot be certified as a class action.

29. ExxonMobil denies the allegations contained in Paragraph 29 of the Complaint and asserts that this action cannot be certified as a class action.

30. ExxonMobil denies the allegations contained in Paragraph 30 of the Complaint and asserts that this action cannot be certified as a class action.

31. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. ExxonMobil denies the allegations contained in Paragraph 32 of the Complaint.

33. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore those allegations are denied.

34. ExxonMobil denies the allegations contained in Paragraph 34 of the Complaint.

35. ExxonMobil denies the allegations contained in Paragraph 35 of the Complaint.

36. ExxonMobil denies the allegations contained in Paragraph 36 of the Complaint.

37. ExxonMobil denies the allegations contained in Paragraph 37 of the Complaint.

38. ExxonMobil denies the allegations contained in Paragraph 38 of the Complaint.

39. ExxonMobil denies the allegations contained in Paragraph 39 of the Complaint.

40. ExxonMobil denies the allegations contained in Paragraph 40 of the Complaint.

41. ExxonMobil denies the allegations contained in Paragraph 41 of the Complaint.

42. ExxonMobil denies the allegations contained in Paragraph 42 of the Complaint.

43. ExxonMobil denies the allegations contained in Paragraph 43 of the Complaint.

44. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. ExxonMobil denies the allegations contained in Paragraph 45 of the Complaint and asserts that this action cannot be certified as a class action.

46. ExxonMobil denies the allegations contained in Paragraph 46 of the Complaint.

47. With respect to the allegations contained in Paragraph 47 of the Complaint, the PRSA speaks for itself. ExxonMobil denies the remaining allegations contained in Paragraph 47 of the Complaint.

48. With respect to the allegations contained in Paragraph 48 of the Complaint, the PRSA speaks for itself. ExxonMobil denies the remaining allegations contained in Paragraph 48 of the Complaint.

49. With respect to the allegations contained in Paragraph 49 of the Complaint, the PRSA speaks for itself. ExxonMobil denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. ExxonMobil denies the allegations contained in Paragraph 50 of the Complaint.

51. ExxonMobil denies the allegations contained in Paragraph 51 of the Complaint.

52. ExxonMobil denies the allegations contained in Paragraph 52 of the Complaint.

53. ExxonMobil denies the allegations contained in Paragraph 53 of the Complaint.

54. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. ExxonMobil denies the allegations contained in Paragraph 55 of the Complaint and asserts that this action cannot be certified as a class action and that even if the class could be certified Plaintiff is not a proper representative of the class alleged.

56. ExxonMobil denies the allegations contained in Paragraph 56 of the Complaint.

57. ExxonMobil is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint and therefore those allegations are denied.

58. ExxonMobil denies the allegations contained in Paragraph 58 of the Complaint.

59. ExxonMobil denies the allegations contained in Paragraph 59 of the Complaint.

60. ExxonMobil denies the allegations contained in Paragraph 60 of the Complaint.

61. ExxonMobil denies the allegations contained in Paragraph 61 of the Complaint.

62. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63. ExxonMobil denies the allegations contained in Paragraph 63 of the Complaint and asserts that this action cannot be certified as a class action and that neither Plaintiff nor the putative class is entitled to an accounting.

64. ExxonMobil denies the allegations contained in Paragraph 64 of the Complaint and asserts that this action cannot be certified as a class action and that neither Plaintiff nor the putative class is entitled to an accounting.

65. ExxonMobil denies the allegations contained in Paragraph 65 of the Complaint.

66. ExxonMobil denies the allegations contained in Paragraph 66 of the Complaint.

67. ExxonMobil denies the allegations contained in Paragraph 67 of the Complaint.

68. ExxonMobil incorporates by reference its responses to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. ExxonMobil denies the allegations contained in Paragraph 69 of the Complaint and asserts that this action cannot be certified as a class action and that neither Plaintiff nor the putative class is entitled to injunctive relief.

70. ExxonMobil denies the allegations contained in Paragraph 70 of the Complaint.

71. ExxonMobil denies the allegations contained in Paragraph 71 of the Complaint.

72. ExxonMobil denies the allegations contained in Paragraph 72 of the Complaint.

73. ExxonMobil denies the allegations contained in Paragraph 73 of the Complaint.

74. ExxonMobil denies the allegations contained in Paragraph 74 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses herein, ExxonMobil alleges as follows:

75. The Complaint fails to state a claim upon which relief may be granted.

76. The Complaint fails to meet the pleading requirements of Federal Rule 9(b) for a fraud claim. The Complaint fails to allege fraud with particularity and does not identify what representation ExxonMobil made, if any, that was misleading, or when and to whom such misrepresentation was made. Nor does the Complaint identify how Plaintiff or any other putative class member relied on that statement to their detriment.

77. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

78. Plaintiff's claims are barred in whole or in part by settlement, payment, release, and accord and satisfaction.

7

79. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and/or laches.

80. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

81. Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, and/or claim splitting.

82. ExxonMobil conducted its activities at all times in accordance with the lease and any other applicable agreements and amendments, applicable laws, industry standards, practices, customs, and usage.

83. ExxonMobil has properly accounted to its royalty interest payees and properly paid royalties on all products upon which it is obligated to do so under Oklahoma law.

84. ExxonMobil has fulfilled any and all obligations and duties, both legal and equitable, owed to Plaintiff.

85. ExxonMobil has acted in compliance with applicable state and federal laws, rules, and regulations.

86. Plaintiff is not entitled to interest from ExxonMobil.

87. Plaintiff is not entitled to an accounting. Plaintiff has not alleged a claim that allows the remedy of accounting to be sought. Plaintiff has not pled, and cannot prove, that she lacks an adequate remedy at law and that an accounting is an appropriate remedy in this case.

88. ExxonMobil is not liable to Plaintiff or any putative class member for the acts of third parties that cause a delay in production proceeds payments. For example, Okla. St. tit. 52, § 570.10(E) provides that ExxonMobil is not liable for interest related to payment delays caused by other parties, such as the first purchasers of production or other working interest owners, or for payments made within the timeframes provided in Okla. St. tit. 52, §

570.10(E)(2).  Nor is ExxonMobil responsible for any delayed payments caused or made by other working interest owners, first purchasers, or previous operators of a well for which Plaintiff or any putative class member has received proceeds payments.  Additionally, pursuant to Okla. St. tit. 52, § 570.10(C)(2), once ExxonMobil pays proceeds from production to the operator of a well, ExxonMobil has no liability under the PRSA with respect to those proceeds.

89. Plaintiff's proposed class fails to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and 23(b).

90. Plaintiff has failed to mitigate her damages.

91. The Energy Litigation Reform Act bars all of Plaintiff's claims except the claim for statutory interest allegedly due under the PRSA.  Further, the Energy Litigation Reform Act expressly prohibits Plaintiff from recovering "punitive or exemplary damages or disgorgement damages" unless Plaintiff meets the evidentiary burden described in Okla. St. tit. 52, § 903, and ExxonMobil denies this burden can be met.

92. Plaintiff lacks capacity to sue, is not the real party in interest, and/or lacks standing to sue ExxonMobil with respect to any claims for delayed royalty payments to Betty C. Woodruff or any Betty C. Woodruff trust.

93. Plaintiff lacks capacity to sue, is not the real party in interest, and/or lacks standing to sue ExxonMobil with respect to any claims for delayed royalty payments Plaintiff has received.

94. Plaintiff's alleged claims arise under a statute and Plaintiff is therefore not entitled to exemplary or punitive damages.

95. Plaintiff is not entitled to the remedy of disgorgement.

96. Plaintiff is not entitled to injunctive relief.

97. The imposition of exemplary or punitive damages in this case would violate ExxonMobil's due process rights secured by the United States Constitution, the Oklahoma Constitution and the constitutions of other States whose interests are implicated by Plaintiff's allegations.

98. The punitive damages sought by Plaintiff are limited by constitutional due process, which requires that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that can be imposed.

99. ExxonMobil affirmatively pleads that any award of punitive or exemplary damages violates the Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to the due process clause of the Oklahoma Constitution, because:

   a. ExxonMobil is without effective and adequate procedural protections against arbitrary or erroneous awards of such damages;

   b. ExxonMobil is being denied the requirement of adequate notice of the type of conduct or elements of the offense that could warrant such an award or the amount of such damages that could be awarded;

   c. such an award does not bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

   d. such an award would impermissibly discriminate against corporate defendants, including ExxonMobil, that are organized under the laws of other states and that maintain their principal places of business in other states;

  e. evidence of ExxonMobil's net worth would invite the jury to award an arbitrary amount of punitive damages based on ExxonMobil's status as an industrial enterprise; and

  f. ExxonMobil's conduct that is alleged to warrant punitive or exemplary damages is unrelated to Plaintiff's harm and, therefore, such damages are unlawfully intended to punish and deter ExxonMobil.

  100. ExxonMobil affirmatively pleads that Plaintiff's claim for punitive damages is barred by the Due Process Clause and the Commerce Clause of the United States Constitution and by principles of federalism embodied in the United States Constitution, to the extent that any claim is based on conduct by ExxonMobil that occurred outside the State of Oklahoma.

  101. Plaintiffs claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

  102. Plaintiffs claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due

Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the constitutional factors that govern the permissible ratio of punitive damages to compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

103.   Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the comparable civil fine that could be imposed on ExxonMobil for the conduct in question. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 428 123 S. Ct. 1513, 1531 (2003) (holding that civil fines are more appropriate benchmarks for punitive damages than criminal penalties); *BMW of N Am., Inc. v. Gore,* 517 U.S. 559, 583, 116 S. Ct. 1589, 1603 (1996) (holding that courts "should accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue."); (O'Connor, J., concurring in part and dissenting in part) (quoting *Browning-Ferris Industries of Vt., Inc. v. Kelso Disposal, Inc.,* 492 U.S. 257, 301, 109 S. Ct. 2909, 2934 (1989)); *Clark v. Chrysler Corp.,* 436 F. 3d 594, 607 (6th Cir. 2006) (rejecting potential for punitive damages award as a basis for comparison in favor of

potential civil penalties under applicable federal statute). Such specific jury instructions and specific findings of fact on the comparable civil penalties are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685 1686 (2001).

104.   Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the direct relationship between ExxonMobil's conduct and the specific injury suffered by Plaintiff. *Phillip Morris USA v. Williams,* 549 U.S. 346, 355, 127 S. Ct. 1057, 1064 (2007) (holding that "the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, i.e., seeking, not simply to determine reprehensibility, but also to punish for harm caused strangers"); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 423, 123 S. Ct. 1513, 1523 (2003) (holding that "[D]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under guise of the reprehensibility analysis."). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001), to ensure that the award is based solely on the conduct that caused specific injury to the plaintiffs).

105.   Plaintiffs claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process

Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the exclusion of all items of compensatory damage from the quantum of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 426, 123 S. Ct. 1513, 1525 (2003) (noting that "[t]he compensatory damages for the injury suffered here . . . likely were based on a component that was duplicated in the punitive award"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), to ensure that items of compensatory damages are not impermissibly 'double-counted' in the quantum of punitive damages.

106.   ExxonMobil reserves the right to amend to plead additional affirmative defenses as discovery proceeds in this matter.

WHEREFORE, ExxonMobil prays that judgment be entered in its favor on Plaintiff's claims and that ExxonMobil be awarded its costs, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: May 10, 2017.               Respectfully submitted,


               */s/ Reagan M. Brown*
               REAGAN M. BROWN (*Pro Hac Vice*)
               NORTON ROSE FULBRIGHT US LLP
               Fulbright Tower
               1301 McKinney, Suite 5100
               Houston, Texas 77010
               (713) 651-5469
               (713) 651-5246 (Facsimile)

               SHANNON H. RATLIFF, OBA #20419
               RATLIFF LAW FIRM, PLLC
               600 Congress Avenue, Suite 3100
               Austin, Texas 78701
               (512) 493-9600
               (512) 493-9625 (Facsimile)

               JOHN J. GRIFFIN, JR., OBA #3613
               L. MARK WALKER, OBA #10508
               CHUCK V. KNUTTER, OBA #32035
               CROWE & DUNLEVY
               Braniff Building
               324 North Robinson Avenue, Suite 100
               Oklahoma City, Oklahoma 73102
               (405) 235-7700
               (405) 239-6651 (Facsimile)


               **Attorneys for ExxonMobil Oil Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Michael Burrage<br>WHITTEN BURRAGE<br>1215 Classen Drive<br>Oklahoma City, OK 73103<br>Email: mburrage@whittenburragelaw.com | Bradley E. Beckworth<br>Jeffrey J. Angelovich<br>Lisa P. Baldwin<br>Trey Duck<br>NIX, PATTERSON & ROACH, LLP<br>3600 N Capital of Texas Hwy<br>Austin, TX 78746<br>Email: bbeckworth@nixlaw.com<br>jangelovich@npraustin.com<br>tduck@nixlaw.com |
| Susan R. Whatley<br>John C. Hull<br>Andrew G. Pate<br>NIX, PATTERSON & ROACH, LLP<br>205 Linda Drive<br>Daingerfield, TX 75638<br>Email: susanwhatley@nixlawfirm.com<br>johnhull@nixlawfirm.com<br>dpate@nixlaw.com | Lawrence R. Murphy, Jr.<br>Mariann M. Robison<br>RICHARDS & CONNOR<br>ParkCentre Building<br>525 South Main Street<br>Twelfth Floor<br>Tulsa, OK 74103-4509<br>Email: lmurphy@richardsconnor.com<br>mrobison@richardsconnor.com |

*/s/ Reagan M. Brown*
Reagan M. Brown

16