## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAULA PARKS McCLINTOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-136-KEW |
| | ) | |
| EXXONMOBIL OIL CORPORATION | ) | |
| and ENTERPRISE CRUDE OIL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT ENTERPRISE CRUDE OIL LLC

Defendant Enterprise Crude Oil LLC[1] ("Enterprise") states the following for its Answer to Plaintiff's First Amended Complaint [Doc. #46] (the "Complaint"). Any allegations in the Complaint not specifically admitted below are denied.

### Summary of the Action

1.      Paragraph 1 purports to describe the scope of this action. To the extent this paragraph can be construed as making any allegations against Enterprise, the allegations in paragraph 1 are denied.

2.      Enterprise admits, upon information and belief, that Plaintiff is a royalty owner in the Hewitt Unit TR 15-11 well, located in Carter County, Oklahoma, and further admits that it has remitted proceeds from production to Plaintiff in connection with that and other oil and gas wells located within the State of Oklahoma. Enterprise further admits, upon information and belief, that Defendant ExxonMobil Oil Corporation is or was the operator of the Hewitt Unit TR 15-11 well. Enterprise denies that any oil and gas lease or pooling order impose an obligation on Enterprise to remit proceeds to Plaintiff. Enterprise also denies that it is currently the first

---

[1] Enterprise was incorrectly named in the Amended Complaint as "Enterprise Crude Oil, LLC" (with a comma that should not be there).

purchaser of production from the Hewitt Unit TR 15-11 well, having ceased purchasing production from that well in June 2016.  The last sentence of paragraph 2 is a legal contention to which no response is required.  Any remaining or contrary allegations in paragraph 2 are denied.

3.      Enterprise admits, upon information and belief, that Plaintiff is or was a mineral owner with an interest in the referenced section, but Enterprise lacks sufficient information to admit or deny the remaining allegations in paragraph 3, with is therefore deemed denied.

4.      Paragraph 4 contains allegations regarding the oil and gas industry as a whole and does not contain any allegation directed to Enterprise.  As a result, a response is not required.  To the extent a response is required, Enterprise denies it engages in the "abuse" or "schemes" alleged in paragraph 4.

5.      Paragraph 5 purports to characterize a certain statute and contains no allegations directed at Enterprise.  No response is required to Plaintiff's characterization of the law.

6.      Paragraph 6 purports to characterize a certain statute and contains no allegations directed at Enterprise.  No response is required to Plaintiff's characterization of the law.

7.      Enterprise admits it is aware of its statutory obligations under the PRSA.  The remaining allegations of paragraph 7 are denied.

8.      Paragraph 8 purports to characterize the present lawsuit and contains no allegations directed at Enterprise.  Accordingly, no response from Enterprise is required.

9.      Enterprise denies Plaintiff is entitled to recover the relief sought in paragraph 9.

**Parties**

10.     Enterprise lacks sufficient information to admit or deny the allegations contained in paragraph 10, which are therefore deemed denied.

11.     Admitted upon information and belief.

12.     Enterprise lacks sufficient information to admit or deny the allegations contained in paragraph 12, which are therefore deemed denied.

13.     Enterprise lacks sufficient information to admit or deny the allegations contained in paragraph 13, which are therefore deemed denied.

14.     Admitted.

15.     Enterprise admits it is currently the first purchaser of production from certain oil and gas wells located within the State of Oklahoma.  Enterprise further admits it has remitted proceeds from production from certain wells to Plaintiff and others.  The remaining allegations in paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Enterprise lacks sufficient information to admit or deny the allegations at this time, which are therefore deemed denied.

16.     Enterprise admits, upon information and belief, that Plaintiff owns a mineral interest underlying certain land(s) in Carter County, Oklahoma.  Enterprise denies that such ownership automatically entitled Plaintiff to receive payments from Enterprise.  Enterprise lacks sufficient information to admit or deny any remaining allegations in paragraph 16, which are therefore deemed denied.

17.     Enterprise admits, upon information and belief, that this is a proposed class action lawsuit where (i) there is minimal diversity, (ii) there are over 100 members of the proposed plaintiff class, and (iii) that Plaintiff asserts the amount in controversy exceeds $5,000,000

exclusive of interest and costs.  Thus, Enterprise agrees the Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) (part of the Class Action Fairness Act).  However, Enterprise denies that class certification is proper in this case.  Any remaining or contrary allegations in paragraph 17 are denied.

18.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 18, which are therefore deemed denied.

19.     Enterprise admits it is a foreign limited liability company registered with the Oklahoma Secretary of State to conduct business in Oklahoma, and that Enterprise does regularly conduct business in Oklahoma.  Enterprise further admits that it sometimes remits royalties directly to royalty owners as a first purchaser from certain oil and gas wells located in Oklahoma.  Enterprise admits this Court has specific personal jurisdiction over Enterprise in this case.  Enterprise denies the Court has general personal jurisdiction over it.  Any remaining or contrary allegations in paragraph 19 are denied.

20.     Admitted.

21.     Enterprise admits it is deemed to reside in this District for purposes of 28 U.S.C. § 1391.  Enterprise lacks sufficient information to admit or deny the remaining allegations in paragraph 21, which are therefore deemed denied.

**Class Action Allegations**

22.     Enterprise incorporates its response to the allegations in paragraphs 1 – 21.

23.     Paragraph 23 purports to define the proposed class Plaintiff seeks to represent in this case.  Enterprise denies the proposed class is properly defined as required by Rule 23 of the Federal Rules of Civil Procedure, and Enterprise further denies that any class should be certified in this case.

24.     Denied as to Enterprise.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 28, which are therefore deemed denied.

29.     Denied.

30.     Denied.

**General Allegations and Factual Background**

31.     Enterprise incorporates its response to the allegations in paragraphs 1 – 30.

32.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 32, which are therefore deemed denied.

33.     Enterprise admits it is the first purchaser of production from certain oil and gas wells in Oklahoma, and that as the first purchaser it remits proceeds from production to certain persons.  The categories of interest owners to whom Enterprise remits such proceeds varies from well to well, depending on the election of the operator or other producing owner.  Enterprise lacks sufficient information to admit or deny the remaining allegations in paragraph 33, which are therefore deemed denied.

34.      Paragraph 34 contains allegations directed at the oil and gas industry as a whole and does not assert any specific allegation against Enterprise.  Accordingly, no response to paragraph 34 is required.  To the extent the allegations in paragraph 34 can be construed as applying to Enterprise, they are denied.

35.     Paragraph 35 purports to characterize a particular statute.  No response is required to respond to Plaintiff's arguments of the law.

36.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 36, which are therefore deemed denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

**Causes of Action**

**I.      Brach of Statutory Obligation to Pay Interest**

44.     Enterprise incorporates its response to the allegations in paragraphs 1 – 43.

45.     Enterprise admits Plaintiff seeks to bring this action on behalf of herself and a proposed class.  Enterprise denies that class treatment is appropriate in this case.

46.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 46, which are therefore deemed denied.

47.     Paragraph 47 purports to characterize a particular statute.  Enterprise is not required to respond to Plaintiff's arguments of the law.

48.     Paragraph 48 purports to characterize a particular statute.  Enterprise is not required to respond to Plaintiff's arguments of the law.

49.     Paragraph 49 purports to characterize a particular statute.   Enterprise is not required to respond to Plaintiff's arguments of the law.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

**II.     Fraud**[2]

54.     Enterprise incorporates its responses to the allegations in paragraphs 1 – 53.

55.     Enterprise admits Plaintiff is seeking to bring this action on behalf of herself and a proposed class.   Enterprise denies that class treatment is appropriate in this case.

56.     Enterprise lacks sufficient information to admit or deny the allegations in paragraph 56, which are therefore deemed denied.

57.     Enterprise admits it is the first purchaser of production from certain Oklahoma oil and gas wells, and that as the first purchaser it remits proceeds from production to certain persons.   The categories of interest owners to whom Enterprise remits such proceeds varies from well to well, depending on the election of the operator or other producing owner.   Enterprise further admits it is aware of its statutory duties under the PRSA.   Any remaining or contrary allegations are denied.

58.     Denied.

59.     Denied.

60.     Denied.

---

[2] Enterprise has filed a motion to dismiss Plaintiff's fraud claim under Rule 12(b)(6) contemporaneously with the filing of this Answer.   Enterprise's response to these allegations should not be construed as a waiver of the arguments advanced in that motion.

61.     Denied.

## III.     Accounting and Disgorgement

62.     Enterprise incorporates its responses to the allegations in paragraph 1 – 61.

63.     Enterprise admits Plaintiff is seeking an accounting on behalf of herself and the proposed class.  However, Enterprise denies that Plaintiff is entitled to an accounting, and further denies that class treatment is appropriate in this case.

64.     Enterprise admits Plaintiff is seeking an accounting but denies that Plaintiff is entitled to an accounting.

65.     Denied.

66.     Denied.

67.     Denied.

## IV.     Injunctive Relief

68.     Enterprise incorporates its responses to the allegations in paragraphs 1 – 67.

69.     Enterprise admits Plaintiff seeks injunctive relief on behalf of herself and the proposed class.   However, Enterprise denies that Plaintiff is entitled to injunctive relief and further denies that class treatment is appropriate in this case.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

Having fully responded to the allegations in the Complaint, Enterprise further alleges and states:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      The Complaint fails to plead fraud with the particularity required by Rule 9(b).

3.      The Production Revenue Standards Act ("PRSA") provides the exclusive remedy for the claims asserted in the Complaint.

4.      The claims asserted in the Complaint are barred in whole or in part by the applicable statute of limitations.

5.      The claims asserted in the Complaint are barred in whole or in part by the doctrines of unclean hands, waiver, or estoppel.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of payment and by the legal consequences that follow from accepting the principal sum owed without interest.

7.      Enterprise has acted in compliance with all applicable laws and regulations.

8.      Plaintiff is not entitled to an accounting.

9.      Plaintiff is not entitled to injunctive relief.

10.     Plaintiff is not entitled to disgorgement.

11.     Plaintiff is not entitled to punitive damages.

12.     Plaintiff cannot comply with 52 Okla. Stat. § 903 in order to obtain punitive or exemplary damages or disgorgement.

13.     Plaintiff cannot establish the elements of Rule 23 of the Federal Rules of Civil Procedure required to certify a proposed class in this case.

      a.      The proposed class definition is improper.

      b.      The numerosity requirement will not be met.

      c.      There are no questions of law or fact common to the proposed class.

      d.      Plaintiff's claims are not typical of the proposed class.

9

   e.  Plaintiff may not be an adequate class representative.

   f.  Individual issues will predominate of any common issues.

   g.  The class action device is not superior to other methods of litigation for resolving the proposed class members' claims.

14. The claims asserted in this case may be barred in whole or in part by accord and satisfaction and/or prior settlements and release.

15. The claims asserted in this case may be barred or limited, in whole or in part, by the doctrines of course of dealing, trade custom and/or usage of trade.

16. The claims asserted in this case may be barred in whole or in part by the Plaintiff's or proposed class member's failure to mitigate alleged damages, if any.

17. Enterprise is not liable to Plaintiff or the proposed class members for the acts of third parties that cause a delay in production proceeds to be paid.

18. The very sections of the statute Plaintiff relies on for her claim may limit or extinguish Enterprise's liability to Plaintiff or the proposed class members.

19. Section 10(D) of the Production Revenue Standards Act, 52 Okla. Stat. § 570.10(D), is a "special law" that violates sections 46 and 59 of Article 5 of the Constitution of the State of Oklahoma.

20. Any award of punitive or exemplary damages or disgorgement would violate the applicable Due Process Clauses of the Oklahoma and United States Constitutions, and the Constitutions of other relevant States.

## Prayer for Relief

WHEREFORE, having fully answered, Enterprise requests that Plaintiff take nothing by way of her Complaint against Enterprise, that the Court enter judgment for Enterprise and against Plaintiff on all of Plaintiff's claims, and that the Court award Enterprise its costs, attorney's fees, and any other relief the Court determines to be appropriate.

Respectfully submitted:

*/s/ Reid E. Robison*
Reid E. Robison, OBA # 7692
Timothy J. Bomhoff, OBA # 13172
Patrick L. Stein, OBA #30737
MCAFEE & TAFT A Professional Corporation
Two Leadership Square, 10th Floor
211 N. Robinson
Oklahoma City, OK 73102
Telephone:  (405) 235-9621
Facsimile:   (405) 235-0439
reid.robison@mcafeetaft.com
tim.bomhoff@mcafeetaft.com
patrick.stein@mcafeetaft.com

***Attorneys for Defendant***
***Enterprise Crude Oil LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all registered parties.

*/s/ Reid E. Robison*
Reid E. Robison